UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ELIZABETH D'AMATO,

                                    Plaintiff,          **REPORT AND RECOMMENDATION**

      v.                                           **21-cv-5778 (DG) (ST)**

SOCIAL SECURITY ADMINISTRATION,

                                  Defendant.
------------------------------------------------------------X

**TISCIONE, United States Magistrate Judge:**

    *Pro se* Plaintiff Elizabeth D'Amato ("Plaintiff") sued the Social Security Administration (the "SSA" or "Defendant")[1] contesting the suspension of her Social Security benefits. After the Court dismissed Plaintiff's original Complaint, Plaintiff filed an Amended Complaint with similar allegations. Now before the Court is Defendant's Motion to Dismiss the Amended Complaint (the "Motion"). For the reasons discussed below, this Court respectfully recommends that the Motion be GRANTED, and the Amended Complaint be DISMISSED WITH PREJUDICE.

## BACKGROUND

    Ordinarily, an amended complaint supersedes an original complaint and "renders it of no legal effect." *Ping Tou Bian v. Taylor*, 23 F. App'x 75, 77 (2d Cir. 2001) (internal citations omitted). However, consistent with the requirement to construe *pro se* pleadings "liberally with special solicitude," *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (internal quotation marks omitted), the Court takes the below factual allegations from both the original and amended

---

[1] The Court notes that, typically, the SSA *Commissioner*, rather than the SSA itself, would be the proper defendant in this type of action. However, given Plaintiff's *pro se* status, and Defendant's failure to expressly object to the designation of the SSA as Defendant (besides, in its filings, unilaterally changing the case caption and referring to the Commissioner as the defendant), the Court will not *sua sponte* re-label the defendant.

complaints. *See Boguslavsky v. Kaplan*, 159 F.3d 715, 722 (2d Cir. 1998) (considering allegations from both the original and amended complaints per the liberal pleading standard afforded to *pro se* plaintiffs); *Burton v. City of New York Police Dep't*, No. 14-cv-7158 (WFK), 2014 WL 7427534, at *1 n.1 (E.D.N.Y. Dec. 30, 2014) ("Although an amended complaint completely replaces a complaint . . . given Plaintiff's *pro se* status, the Court considers both the Complaint and Amended Complaint.").

### I.  Factual Allegations

Plaintiff's allegations, although somewhat imprecise, mainly concern her claim for Social Security benefits. According to Plaintiff, in June 2021, Defendant suspended Plaintiff's monthly benefit payments. *See* Compl. at § III, ECF No. 1. Plaintiff alleges that Defendant is now (or at least as of when Plaintiff filed her original Complaint) holding anywhere from $11,000 to over $16,000 of Plaintiff's conserved funds in suspension. *See id.* at § II. B. 3; Am. Compl., ECF No. 18. Plaintiff further alleges that Defendant has not "properly" conducted a continuing disability review of Plaintiff's "case" in 23 years. *See* Compl. at § II. A.; Am. Compl. Plaintiff asserts that Defendant, in failing to do so, has "not complied with the law." *See* Am. Compl.

Although the timeline is unclear, Plaintiff alleges that she, at various times, communicated with SSA employees regarding her claim for benefits. *See id.* From these communications, Plaintiff allegedly learned that Defendant had stopped making Plaintiff's monthly benefit payments because a representative payee, rather than Plaintiff herself, was required to accept them. *See* Compl. at § III. At some point, someone from the SSA allegedly suggested that Plaintiff obtain a note from a physician saying that Plaintiff could manage her own funds. *See* Am. Compl. Although two physicians "initially assured" Plaintiff that they would write a note, "they both ended up saying they could just not without any explanation." *Id.* Plaintiff concluded that the physicians

2

would not do it "because they should not be responsible for doing something that the SSA is required by the law to do and never did." *See id.*

Plaintiff claims that the last representative payee Defendant appointed—without Plaintiff's "signature" or a "valid Judge's order"—is a lawyer who required Plaintiff to "sign" $30,000 in fees to him in the year 2000. *See id.* Plaintiff alleges that the "payee was committing several SSA fraud violations," such as "keeping [Plaintiff's] funds in his personal bank accounts" and "being out of state," "in an unspecified location," "most of the time he was the payee." *Id.* Plaintiff asserts that the payee also "required" Plaintiff to use the payee's "debit card"[2] but that it was a "felony every time" Plaintiff used it. *See id.* According to Plaintiff, the payee "attempted to keep [Plaintiff's] funds after no longer being the payee and did not put [Plaintiff's] conserved funds in trust." *See id.* Plaintiff also asserts that she never received her first two "IRS relief payments" because they were "in the conserved funds" that the payee "sent back to the SSA." *See id.*

Finally, Plaintiff alleges that the SSA would not make any emergency funds available to Plaintiff since the suspension of her benefits. *See id.* Plaintiff allegedly "attempted" to have these concerns "addressed by both the SSA and their administrative offices" but someone from the SSA's "local office"[3] asked her "not to contact them again." *See id.* Allegedly, the local office's supervisor[4] "never made any attempt to resolve any of this." *See id.* Although Defendant allegedly sent Plaintiff a "Direct Express debit card," over a year before Plaintiff filed the Amended Complaint, Defendant "never put any money [on] it." *See id.*

---

[2] Plaintiff does not specify whether the alleged "debit card" was the payee's personal debit card, or a card the payee used in his official, representative payee capacity.
[3] Plaintiff does not identify which SSA office is her "local office," or the individual who allegedly told Plaintiff not to contact the office again.
[4] Plaintiff alleges that the local office's "*supervision* never made any attempt to resolve any of this." *See* Am. Compl. (emphasis added). The Court, liberally construing the Amended Complaint, interprets the word "supervision" to mean "supervisor."

3

## II. Procedural History

Plaintiff filed her original Complaint on October 14, 2021. *See* Compl. On March 7, 2022, Defendant moved to dismiss the original Complaint. *See generally* Def.'s Mot. Dismiss, ECF No. 12. Plaintiff opposed the motion. *See* Pl.'s Aff./Decl. Opp'n, ECF No. 13. In an Order dated February 17, 2023, the Honorable Diane Gujarati granted Defendant's motion to dismiss, finding, *inter alia*, that Plaintiff had not alleged that she had exhausted her administrative remedies before suing the SSA. *See* Docket Order, dated February 17, 2023. However, the Court granted Plaintiff leave to file an amended complaint. *See id.*

Plaintiff filed her Amended Complaint on April 14, 2023, which Defendant moved to dismiss on September 25, 2023. *See* Mot., ECF No. 21. On October 30, 2023, Plaintiff responded in opposition to the Motion. *See* Pl.'s Resp. Opp'n, ECF No. 22. Plaintiff supplemented her response on November 16, 2023. *See* Pl.'s Reply Supp., ECF No. 24. On November 28, 2023, the Honorable Diane Gujurati referred the Motion to this Court for Report and Recommendation. *See* Docket Entry, dated November 28, 2023.

## LEGAL STANDARD

Defendant moves to dismiss the Amended Complaint under Federal Rules 12(b)(1) and 12(b)(6) of Civil Procedure. *See generally* Def.'s Mem. Supp., ECF No. 21–1. Defendant asks, alternatively, for summary judgment under Federal Rule 56 of Civil Procedure. *See id.* at 1, 5–6. Defendant argues that Plaintiff has failed to exhaust her administrative remedies with the SSA and, as such, there is no final decision from the agency subject to this Court's review. *See generally id.*

Under Rule 12(b)(1), a party may move to dismiss an action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Dismissal of a case for lack of subject matter jurisdiction

4

under Rule 12(b)(1) is proper when the district court lacks the statutory or constitutional power to adjudicate it." *Ford v. D.C. 37 Union Loc. 1549*, 579 F.3d 187, 188 (2d Cir. 2009) (per curiam) (internal citations and quotation marks omitted). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Cooke v. United States*, 918 F.3d 77, 80 (2d Cir. 2019) (quoting *McGowan v. United States*, 825 F.3d 118, 125 (2d Cir. 2016)). In deciding a Rule 12(b)(1) motion, the court must accept all facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006).

Under Rule 12(b)(6), a party may move to dismiss a complaint that fails to state a claim. Fed. R. Civ. P. 12(b)(6). To survive such a motion, a complaint must contain sufficient facts that, when accepted as true, state "a claim to relief that is plausible on its face." *Aschroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the factual allegations allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether the Complaint states a facially plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. In doing so, the Court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See Gamm v. Sanderson Farms, Inc.*, 944 F.3d 455, 458 (2d Cir. 2019). If, on a Rule 12(b)(6) motion, "matters outside the pleadings are presented to and not excluded by the court," the Court must treat the motion as one for summary judgment under Federal Rule 56 of Civil Procedure. Fed. R. Civ. P. 12(d).

Under Rule 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). "A material fact is one that would affect the outcome of the suit under the governing law, and a dispute about a genuine issue of material fact occurs if the evidence is such that a reasonable factfinder could return a verdict for the nonmoving party." *Aetna Life Ins. Co. v. Big Y Foods, Inc.*, 52 F.4th 66, 72 (2d Cir. 2022)) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)) (internal quotation marks omitted). In assessing a motion for summary judgment, the Court must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (citing *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)).

The Court must hold a complaint filed *pro se*, "however inartfully pleaded," to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Hogan*, 738 F.3d at 515 (noting that a court must interpret a *pro se* complaint to "raise the strongest claims that it suggests."). Even so, the Court may not "invent factual allegations that [a *pro se* plaintiff] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010); *see Williams v. Richardson*, 425 F. Supp. 3d 191, 201 (S.D.N.Y. 2019) ("the duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it." (internal citations omitted)). A *pro se* complaint must satisfy the *Iqbal-Twombly* standard by stating a plausible claim for relief. *See Harris v. Mills*, 572 F.3d 66, 72–73 (2d Cir. 2009). Dismissal of a *pro se* complaint is therefore appropriate where the plaintiff has failed to meet the minimum pleading requirements. *Temple v. Hudson View Owners Corp.*, 222 F. Supp. 3d 318, 323 (S.D.N.Y. 2016).

## DISCUSSION

**I.     The Court Should Not Dismiss the Amended Complaint for Lack of Subject Matter Jurisdiction.**

Defendant moves under Federal Rule 12(b)(1) of Civil Procedure to dismiss the Amended Complaint for lack of subject matter jurisdiction. *See* Def.'s Mem. Supp., at 1, 5. Yet, Defendant simultaneously acknowledges—as it must—that as "the failure to exhaust is a waivable (*i.e.*, non-jurisdictional) requirement under Section 405(g) [of the Social Security Act] . . . dismissal may not be appropriate under Rule 12(b)(1)." *Id.* at 1 n.1.

Under the Social Security Act (the "Act"), "judicial review of disability benefit determinations is limited to final decisions of the Commissioner of Social Security." *Maynard v. Comm'r*, No. 15–CV–586 (CBA), 2015 WL 4069356, at *1 (E.D.N.Y. July 1, 2015). Section 405(g) of the Act provides, in relevant part:

> Any individual, after any *final decision* of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

42 U.S.C. § 405(g) (emphasis added). Section 405(g)'s remedy is exclusive. *See* 42 U.S.C. § 405(h). As Section 405(h) provides, "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." *Id.*

The Act does not, however, define the term "final decision." Courts, therefore, interpret "final decision" to have two components: "(i) the jurisdictional, non-waivable requirement that a claim for benefits has been presented to the Commissioner, and (ii) the non jurisdictional, waivable requirement that the administrative remedies prescribed by the Commissioner have been

7

exhausted." *Maynard*, 2015 WL 4069356, at *1 (internal citations omitted); *see Escalera v. Comm'r of Soc. Sec.*, 457 F. App'x 4, 5 (2d Cir. 2011).

The first, jurisdictional component—the so-called, "presentment" requirement—is "easily satisfied." *Mai v. Colvin*, 14-cv-5414 (PKC), 2015 WL 8484435, at *2 (E.D.N.Y Dec. 9, 2015) (internal citations omitted). The presentment requirement requires only that the plaintiff make "a formal or informal request for benefits." *Id.*; *see Smith v. Berryhill*, 587 U.S. 471, 478 (2019) (describing the jurisdictional component as merely a "requirement that claims be presented to the agency"). By contrast, the second component of a "final decision"—the requirement that claimants exhaust their administrative remedies before seeking judicial review—is *not* jurisdictional because the SSA Commissioner can waive it. *See Dunn v. Comm'r of Soc. Sec.*, 832 F. App'x 62, 63 (2d Cir. 2020). Accordingly, courts construe motions to dismiss for failure to exhaust administrative remedies as Rule 12(b)(6) motions for failure to state a claim, rather than Rule 12(b)(1) motions for lack of subject matter jurisdiction. *See, e.g.*, *id.*; *Mai*, 2015 WL 8484435, at *3; *Zachery v. Colvin*, No. 14–cv–1645 (SLT), 2015 WL 5821638, at *3 (E.D.N.Y. Sept. 30, 2015).

Courts routinely find that *pro se* plaintiffs have satisfied the jurisdictional, presentment requirement even in circumstances where they have not satisfied the more rigorous administrative exhaustion requirement. *See, e.g.*, *Escalera*, 457 F. App'x. at *6; *Maynard*, 2015 WL 4069356, at *2. Such is the case here. Accepting the Amended Complaint's, liberally construed, factual allegations as true, Plaintiff has met the final decision's jurisdictional, presentment requirement. Plaintiff alleges that she has, at least informally, made a "request for benefits." *See Mai*, 2015 WL 8484435, at *2; *see generally* Am. Compl. Even Defendant concedes that Plaintiff "requested direct payment of her benefits" on July 20, 2021. *See* Def.'s Mem. Supp. at 2. As such, and

8

mindful of the Second Circuit's instruction to not make jurisdictional holdings out of non-jurisdictional issues, *see Jusino v. Fed'n Cath. Tchrs, Inc.*, 54 F.4th 95, 102 (2d Cir. 2022), the Court recommends not granting the Motion for lack of subject matter jurisdiction.

## II.     The Court Should Dismiss the Amended Complaint for Failure to State a Claim.

The Court should dismiss the Amended Complaint, however, for failure to state a claim under Rule 12(b)(6), as Plaintiff does not allege that she exhausted her administrative remedies with the SSA.  To exhaust administrative remedies, a claimant must generally undertake a four-step process.  *Smith*, 587 U.S. at 475.  The process requires a claimant to: (1) seek an initial eligibility determination; (2) seek reconsideration of that determination; (3) request a hearing before an administrative law judge (ALJ); and (4) seek the SSA's Appeals Council's review of the ALJ's decision.  *Id.* at 476; *see* 20 CFR § 416.1400.  Typically, a claimant must request Appeals Council review within 60 days of receiving the ALJ's ruling.  *Id.*; 20 CFR § 416.1468.  If the claimant fails to meet the 60-day deadline without good cause, the Appeals Council will dismiss the request.  *Id.*; 20 CFR § 416.1471.  "It is only after the completion of the full administrative process that a claimant receives a final decision of the Commissioner, which triggers the right to judicial review under the [Act]."  *Mai*, 2015 WL 8484435, at *3 (internal quotation marks omitted).  The Commissioner can, however, waive the administrative exhaustion requirement.  *See Bowen v. City of New York*, 476 U.S. 467, 483 (1986).

Here, the Amended Complaint, even liberally construed, does not allege that Plaintiff exhausted her administrative remedies.  While Plaintiff alleges that she has, multiple times, communicated with SSA employees—even finding out the alleged reason for the SSA's suspension of her benefits—Plaintiff does not allege that she ever undertook the required multi-step process to exhaust her administrative remedies.  *See generally* Compl.; Am. Compl.  Although

9

the Court already dismissed Plaintiff's original Complaint for the same reason, *see* Docket Order, Plaintiff has not alleged any new facts in her Amended Complaint suggesting that she has since undertaken the administrative process. *See* Am. Compl. Moreover, Plaintiff does not allege that the SSA Commissioner ever excused Plaintiff's failure to exhaust her administrative remedies. *See id.* The situation thus remains that there are no allegations suggesting that Plaintiff has obtained a final decision from the SSA subject to this Court's review.

Although the SSA Commissioner usually has discretion to decide when to waive the exhaustion requirement, courts may, in appropriate circumstances, excuse a failure to exhaust administrative remedies over the Commissioner's objection. *See City of New York v. Heckler*, 742 F.2d 729, 736 (2d Cir. 1984). In considering whether to excuse a plaintiff's failure to exhaust, courts look to whether: (1) the claim is collateral to a demand for benefits; (2) exhaustion of the remedies would be futile; and (3) the requirement to exhaust administrative remedies would cause the plaintiff irreparable harm. *Nunez v. Comm'r of Soc. Sec.*, 848 F. App'x 35, 36 (2d Cir. 2021). Here, "none of these apply." *Id.* In her Amended Complaint, Plaintiff provides no reason for the Court to excuse the exhaustion requirement. *See Dunn*, 832 F. App'x at 64 (affirming dismissal of complaint where Plaintiff "presented no facts in her pleadings to suggest that waiver of the exhaustion requirement was warranted.").

As Plaintiff alleges neither that she exhausted her administrative remedies, nor that the Court should excuse the exhaustion requirement, the Amended Complaint is subject to dismissal under Rule 12(b)(6). *See Velasquez v. Comm'r of Soc. Sec. Admin.*, 22-cv-06777 (JMA), 2024 WL 22786, at *5 (E.D.N.Y. Jan. 2, 2024) (dismissing plaintiff's claims on 12(b)(6) grounds where administrative remedies not exhausted); *see also Dunn*, 832 F. App'x at 64 (affirming dismissal where plaintiff's "lack of exhaustion was apparent from her own submission"). The Court

10

therefore recommends dismissing the Amended Complaint with prejudice. *See Samura v. Figueroa*, 21-cv-01248 (DG), 2023 WL 2305961, at *1 (E.D.N.Y. Mar. 1, 2023) (granting a Rule 12(b)(6) motion to dismiss a *pro se* amended complaint without leave to amend after plaintiff failed to cure the issue the Court had identified when dismissing the original complaint); *White v. Schriro*, 16 Civ. 6769 (PAE) (JCF), 2017 WL 3268202, at *7 (S.D.N.Y. July 31, 2017), *rep. and rec. adopted*, 2018 WL 1384506 (S.D.N.Y. Mar. 16, 2018) (dismissing *pro se* amended complaint without leave to amend where court had previously *sua sponte* granted plaintiff leave to file an amended complaint).

### III.    The Court Need Not Treat the Motion as one for Summary Judgment.

Defendant asks, alternatively, for summary judgment under Federal Rule 56 of Civil Procedure. *See* Def.'s Mem. Supp., at 1, 5–6. The Court need not, however, convert the Motion to a motion for summary judgment, as the Court can resolve the Motion, and dismiss the Amended Complaint, without resorting to matters outside the pleadings. *See Dunn*, 832 F. App'x at 64 ("Because the district court could properly dismiss under Rule 12(b)(6) on the face of [plaintiff's] pleadings without considering the administrative record, it was not required to the convert the motion"). The Court recommends declining Defendant's alternative request to convert the Motion to one for summary judgment.

### CONCLUSION

For the foregoing reasons, this Court respectfully recommends that Defendant's Motion be GRANTED, and the Amended Complaint be DISMISSED WITH PREJUDICE.

### OBJECTIONS TO THIS REPORT AND RECCOMMEDATION

Under 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file

written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 Fed. Appx. 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

/s/_____
Steven Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
August 29, 2024